# Case No. 159.

## In re ALEXANDER.

### [8 Ben. 99.][1]

District Court, S. D. New York. May, 1875.

BANKRUPTCY—COMPOSITION—POWER OF ATTORNEY.

Creditors of a bankrupt, who offered terms of composition, gave a power of attorney to T., which stated that the composition was not to be accepted if made for less than 20 per cent., 10 per cent. to be paid in six months, and 10 per cent. in twelve months, from February 16th, 1875. T. signed a composition which provided for the payment of 20 per cent. in six and twelve months from March 16th, 1875: *Held*, that this difference in time was fatal to the proceedings.

In bankruptcy.

BLATCHFORD, District Judge. There seems to me to be a fatal difficulty about

[1][Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

the proceedings in the composition in this matter. The composition provides for the payment of 20 per cent. in two equal payments at six and twelve months from March 16th. 1875. It is signed by nearly all the creditors [of Joseph Alexander, the bankrupt,] through Mr. Tappen as attorney, under a power of attorney which states that the composition is not to be accepted by the signers of the power of attorney, or either of them, if made for less than 20 per cent., 10 per cent. thereof to be paid in six months, and 10 per cent. in twelve months, from February 16th, 1875. This is not a clerical error, because the paper in confirmation shows that the word "March" was written in after the word "February" had been written in and erased.

Independently of this excess of authority by the attorney, it is more than questionable whether, on the developments in the evidence, the composition is one which ought to be sanctioned, or one which the creditors themselves would approve, if called upon now to sign it in person.